PER CURIAM.
Weeki Wachee Springs and the City of Weeki Wachee (hereinafter collectively “Weeki Wachee”) petition this court for a writ of prohibition asserting that the circuit court lacks jurisdiction to adjudicate *595 the instant dispute. Concluding that Weeki Wachee has failed to meet the standard necessary to obtain a writ of prohibition, we deny the petition and find no need to further address the merits thereof. However, we write this opinion to address the issues raised in the respondent Southwest Florida Water Management District’s (SFWMD) motion to. strike the petition, and Weeki Wachee’s response thereto.
In the motion to strike, SFWMD contends that the 50-page petition filed by Weeki Wachee’s counsel is not in compliance with Florida Rule of Appellate Procedure 9.100(i) for, among others, the following reasons:
1. The petition is not double spaced as required by the rules but, in fact, is 1.5 line spaced, thereby allowing 25% more text than permitted by the rule.
2. The line spacing for the footnotes within the petition is not single spaced as required by the rule but is, in fact, 0.7 lined space, thereby allowing 30% more text than permitted by the rule.
3. The line spacing for quotations embedded within the body of the petition is not single spaced as required by the rule but are, in fact, 0.7 line spaced, thereby allowing 30% more text than permitted by the rule.
SFWMD further points out that in another unrelated case which was argued before this court in 2003, petitioner’s counsel was confronted by this court regarding his failure to comply with the formatting requirements for briefs set forth by the appellate rules and that counsel assured the court that the violation would not occur again. SFWMD requests, pursuant to Florida Rule of Appellate Procedure 9.410, that this court issue a reprimand or some other sanction for counsel’s present violation of the appellate rules.
Counsel for Weeki Wachee responds by contending that the instant petition was fully in compliance with the appellate rules, and that in the previous case referenced in SFWMD’s motion “this court simply called counsel’s attention to the then recently effective font face and size standards, of which the undersigned counsel was, unfortunately, not yet then aware.” We reject both' counsels assertion that the petition filed in the instant case is in compliance with the appellate rules, and his characterization of the issue raised in the prior case.
Normally, this court does not focus on technical requirements set forth in the appellate rules and we. have overlooked occasional, inadvertent violations thereof. However where, as here, a pattern develops and counsel does not appear to appreciate the significance of their actions, we are forced to address those requirements.
With regard to the instant petition, rule 9.100(i) is very clear and straightforward: petitions are to be double spaced while footnotes and quotations may be singled space. Here, the petition for writ of prohibition was not prepared using double spacing and single spacing in compliance with the rule. In his reply to SFWMD’s motion to strike, Weeki Wachee’s counsel sets forth a convoluted argument relating to the provisions of the prewous rules of appellate procedure to argue why something less than standard double spacing and single spacing can be used. However, counsel’s argument does not overcome the plain language of the rule.
Furthermore, in the previous case, this court did not, as represented in counsel’s response, simply call counsel’s attention to a new set of standards of which he was unaware. Rather, the court raised concerns about the fact that the briefs contained a specific certification by counsel *596 that the brief was prepared in one of the type styles authorized by the new rules when, in fact, the brief was prepared using a smaller font size of that type, hence allowing more material to be included in 50 pages.[1]
Faced with these facts, we conclude that the imposition of a sanction is appropriate, especially in light of the repeated violations committed by petitioner’s counsel and the additional work required by respondent’s counsel as a result thereof. Accordingly, Weeki Wachee’s counsel is hereby directed to make payment to SFWMD’s counsel of attorney’s fees in the amount of $500.00 within ten days from the date of this opinion. Said amount shall be paid by counsel and may not be charged by counsel to his clients.
PETITION DENIED.
GRIFFIN, PLEUS and PALMER, JJ„ concur.

. In both instances, counsel’s filings reached the 50-page limit provided for in the rule, in spite of using a format allowing significantly more text to be put on each page, supporting our conclusion that the use of these reduction techniques was done intentionally to fit the desired material into the 50-page limit.